UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

SHEILA E. THOMPSON, )
individually and on behalf of all )
others similarly situated, )
) FILED: APRIL 7, 2008
) 08CV1977                TG
) JUDGE MAROVICH
Plaintiff, ) MAGISTRATE JUDGE COLE
) Case No.:
v. )
) JURY TRIAL DEMANDED
OLD SECOND BANCORP, INC. )
)
)
)
Defendant. )

## CLASS-ACTION COMPLAINT

Plaintiff Sheila E. Thompson ("Thompson"), by her attorneys David T. Butsch and James J. Simeri of Green Jacobson & Butsch, P.C. and James X. Bormes of James X. Bormes, P.C., individually and on behalf of all others similarly situated, states:

### Parties, Jurisdiction, and Venue

1. Thompson is the owner of a home in Geneva, Kane County, Illinois, which is located in this judicial district.

2. Defendant Old Second Bancorp, Inc. ("Old Second") is a corporation in good standing, organized and existing under the laws of the State of Delaware with its principal place of business in Aurora, Illinois.

3. Thompson is asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681n. Therefore, this Court has subject-matter jurisdiction under 15 U.S.C. § 1681p, which grants district courts subject-matter jurisdiction over all actions to enforce liability created under the Fair Credit Reporting Act. This Court also has subject-matter jurisdiction under 28 U.S.C. § 1331, which grants district courts original jurisdiction over all actions arising under the laws of the United States.

4. Defendant is subject to the personal jurisdiction of this Court under Rule 4(k)1(A) of the Federal Rules of Civil Procedure because Defendant conducts its banking business in the State of Illinois and would be subject to the jurisdiction of courts of general jurisdiction in Illinois.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c) because Defendant is subject to personal jurisdiction in this district. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### Background

2

6. The Fair Credit Reporting, 15 U.S.C. §§ 1681 — 1681x, is a consumer-protection statute that regulates the activities of credit reporting agencies and users of consumer reports, and provides rights to consumers affected by the use of information that is collected about them.

7. The purpose of the Fair Credit Reporting Act is to protect consumers' privacy by safeguarding the confidentiality of the information maintained by consumer reporting agencies. It states, "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

8. The Fair Credit Reporting Act protects consumers by prohibiting any release of consumer reports unless the release is for one of the permissible purposes set forth in 15 U.S.C. § 1681b.

9. The permissible purposes set forth in 15 U.S.C. § 1681b include, for the most part, transactions initiated by consumers. For instance, § 1681b(a)(3) authorizes the use of consumer reports when the consumer has applied for credit, employment, or insurance.

10. One of the few circumstances in which the Fair Credit Reporting Act allows financial institutions to use consumer reports absent consumers initiating

3

them is when the recipient of the information extends the consumer "a firm offer of credit..." 15 U.S.C. § 1681b(c)(1)(B)(I).

11. Because financial institutions seeking to extend pre-approved offers of credit access the consumer's private and confidential information without the consumer's approval, the Fair Credit Reporting Act requires that financial institutions must be extending a "firm offer," i.e., one that is capable of being accepted absent further negotiation. The "firm offer of credit" must be one that "will be honored." 15 U.S.C. § 1681a(l). The "firm offer of credit" must be more than a mere advertisement or solicitation — it must have value to the consumer.

### Count I - Old Second's Liability for Violating the Fair Credit Reporting Act

12. On or March 12, 2008, Old Second mailed or caused to be mailed to Thompson at her Geneva, Illinois residence a written advertisement ("the Old Second Advertisement"). A copy of the Old Second Advertisement is attached as Exhibit A, and adopted by reference.

13. Thompson did not authorize any credit reporting agency to provide any information about her to Old Second.

14. Thompson did not authorize Old Second to obtain any information about her from any credit reporting agency.

15. The Old Second Advertisement states that Old Second accessed Thompson's credit report.

16. The Old Second Advertisement does not contain "a firm offer of credit or insurance" as required by 15 U.S.C. § 1681b(c)(1)(B)(I) because it omits numerous material loan terms, has no minimum loan amount and contains the language: "Terms and conditions subject to change without notice." Thus, the Old Second Advertisement did not contain an offer, much less a "firm offer."

17. In exchange for obtaining Thompson's valuable credit information, Old Second offered Thompson nothing of value, particularly given all terms of the purported offer were subject to change without notice.

18. Contrary to qualifying as a "firm offer of credit or insurance" under the Fair Credit Reporting Act, the Old Second Advertisement is a mere solicitation.

19. By failing to include a firm offer of credit in the Old Second Advertisement, Old Second has knowingly and willfully violated the Fair Credit Reporting Act.

20. Under 15 U.S.C. § 1681n, Old Second is liable to Thompson for damages of $1,000 for each time Old Second violated the Fair Credit Reporting Act, punitive damages, the costs of this lawsuit, and reasonable attorneys' fees.

**Class Allegations for Count I**

21. Thompson brings her claim against Old Second on behalf of the class consisting of all individuals in the State of Illinois whose consumer reports were obtained by Old Second in connection with a credit transaction not initiated by the individuals, and who received promotional letters similar to Exhibit A on or after April 7, 2006.

22. The class is so numerous that joinder of all members is impracticable because, upon information and belief, Old Second obtains consumer reports on consumers throughout the United States but does not extend firm offers of credit, and uses them in standardized mass-marketing of loans but does not extend firm offers of credit, which violates the Fair Credit Reporting Act.

23. There are questions of law and fact common to the class. Common issues include:

   a. Whether Old Second violated the Fair Credit Reporting Act by failing to make firm offers of credit to consumers after obtaining consumer reports in connection with credit transactions not initiated by consumers; and

   b. Whether Old Second's practice of obtaining consumer reports in connection with credit transactions not initiated by

consumers and then failing to make a firm offer of credit to the consumer as required by the Fair Credit Reporting Act was "willful" within the meaning of the statute.

24. Thompson's claim is typical of the claims of the class members. All are based on the same legal and factual issues, and Thompson has no interests that conflict with the interests of the other class members.

25. Thompson will fairly and adequately represent the members of the class. Thompson has retained counsel experienced in the prosecution of class actions, and Thompson is committed to the vigorous prosecution of her claims.

26. A class action is superior for the fair and efficient prosecution of this claim. Class wide liability is essential to cause Old Second to stop its illegal conduct. Many class members may be unaware that they have been victims of Old Second's illegal conduct. For example, based on information and belief, many class members may have decided to discard the mailing as "junk mail," and therefore never learn that their credit reports have been accessed for illegal purposes. Furthermore, most individual class members have little ability to take action individually due to the significant costs attendant to litigation compared with the relatively small damages available to individual class members.

## Demand for Judgment

Plaintiff, individually, and on behalf of the class, requests that the Court enter judgment in favor of her and the class and against Defendant:

a. awarding all damages available under the Fair Credit Reporting Act, including statutory damages of $1,000 per violation, punitive damages, costs and attorneys' fees;

b. enjoining Defendant from further violations of the Fair Credit Reporting Act; and

c. such other relief to which Plaintiff or the class may be entitled under the evidence.

### Jury-Trial Demand

As authorized by the Seventh Amendment to the Constitution of the United States and Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all counts.

LAW OFFICE OF JAMES X. BORMES

James X. Bormes
8 South Michigan Ave., Ste. 2600
Chicago, IL 60603
tel: 312.201.0575
fax: 312.332.0600
bormeslaw@sbcglobal.net

and

GREEN JACOBSON & BUTSCH, P.C.
David T. Butsch
James J. Simeri
7733 Forsyth Blvd., Ste. 700
Clayton, MO 63105-2015
tel: 314.862.6800

fax: 314.862.1606
butsch@stlouislaw.com
simeri@stlouislaw.com

Attorneys for Plaintiff Sheila E. Thompson

Old Second Bank
37 S. River Street
Aurora, IL 60506-4172

08CV1977
TG
JUDGE MAROVICH
MAGISTRATE JUDGE COLE


Old Second
Right sized banking.

003434
Sheila E Thompson
424 South St
Geneva IL 60134-2659

Dear Sheila E Thompson:

If it takes money to fulfill your dreams, come to Old Second Bank for a home equity line of credit. You're pre-qualified for a low 3.99% APR* 3-month introductory rate.
Rate adjusts to as low as 5.00% APR.**
* No Application or Closing Fees.
* Quick & Easy to Open.
* Pay off high interest Bills, Make a Home Improvement, Do whatever you want - the Choice is yours.
* Borrow up to 90% of your Home's available Equity, up to $275,000.

An Old Second Home Equity Line of Credit is the smart way to finance your dreams & save.
✓ Lower interest rate
✓ One low monthly payment
✓ Reusable line
✓ Interest may be tax deductible -- consult your tax advisor.

Hurry to fulfill your dreams with this incredible Home Equity Line of Credit offer! Limited Time for these low Rates!
Call toll free today at 877-866-0202 and give your Pre-Qualified Certificate Number or stop in any one of our 30 branches with your Certificate.

Sincerely,

*Robert J. Valaitis*

Robert Valaitis
Executive Vice President, Retail Banking

## Act NOW &

### Pay off Bills Remodel Travel-

### You're Pre-Qualified!

3-month introductory

3.99% APR*

Adjusts to

as low as

5.00% APR**

For more information on this offer, see reverse side of this letter. Member FDIC

You can choose to stop receiving "pre-screened" offers of credit from this and other companies by calling toll free 1-888-567-8688. See PRE-SCREEN & OPT - OUT NOTICE on the reverse side of this letter for more information about pre-screen offers



---

Certificate # 540443

Sheila E Thompson
424 South St
Geneva IL 60134-2659

## Pre-Qualified Certificate

Fulfill Your dreams today with an Old Second Home Equity Line of Credit. You're Pre-Qualified -- don't miss this limited time offer! Just call 1-877-866-0202 and give your Certificate Number. You will be connected to a Home Loan Specialist. Or bring your Certificate to any one of our 30 area branches and meet directly with our Loan Specialists.

### HURRY OFFER EXPIRES APRIL 15, 2008!

Old Second Bank locations in Aurora, Batavia, Burlington, Elburn, Elgin, Geneva, Joliet, Kaneville, Lisle, Maple Park, North Aurora, Oswego, Ottawa, Plano, St. Charles, Shorewood, Sugar Grove, Sycamore, Wasco and Yorkville.


EXHIBIT
A

*All loans are subject to credit review and approval. Home Equity Line of Credit offer open to new or refinances from another institution, no internal Old Second Bank refinances. As of 2/26/08, the Introductory Annual Percentage Rate is 3.99% for the first 3 months. To qualify for this rate, the initial draw must be at least $10,000 at origination. **After the first 3 months, Annual Percentage Rate (APR) is subject to change and APR may vary and is based on the highest prime rate as published in the Wall Street Journal. Prime Rate on 2/26/08 was 6.00%. A margin may be added depending on loan amount, loan-to-value (LTV), and FICO score. APR for 80% or less LTV, 720+ FICO score, line amounts of $100,000 - $275,000 is Prime –1.00%. Current rate is 5.00% APR. APR for 85% or less LTV, line amounts of $25,000 -$275,000 range from Prime Rate - .50% to + 1.00%; current rates range from 5.50% - 7.00% APR. APR for 85% LTV or less, line amounts of $10,000 - $24,999 range from Prime Rate - .25% to + 1.25%; current rates range from 5.75% - 7.25% APR. APR for 85.01% - 90% LTV, line amounts of $25,000 - $275,000 range from Prime Rate +.25% to +2.00%; current rates range from 6.25% - 8.00% APR. APR for 85.01% - 90% LTV, line amounts of $10,000 - $24,999 range from Prime Rate +.50% to +2.25%; current rates range from 6.50% - 8.25% APR. Maximum APR is 18%. A $50 annual fee is waived the first year. A $500 early cancellation fee is applied to any account closed within 36 months of opening date. A $75 conversion fee will apply for locking a portion of the equity line. Making only the minimum monthly payment will not reduce the principal balance and will result in a balloon payment due at maturity. Applies to owner occupied 1- 4 family residences. Subject to credit approval. Property title and flood insurance if applicable is required. Terms and conditions subject to change without notice.

<u>*PRE-SCREEN & OPT-OUT NOTICE*</u>: *This "pre-screened" offer of credit is based on information in your credit report indicating you meet certain criteria. This offer is not guaranteed if you do not meet our criteria, including providing acceptable property as collateral. If you do not want to receive pre-screened offers of credit from this and other companies, call the consumer reporting agencies toll free 1-888-567-8688; or write Equifax Options, P.O. Box 740123, Atlanta, GA 30374-0123.*